Jeffrey J. Chapman
Robert J. Denicola
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100
*Attorneys for Nominal Defendant The Finish Line, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
DEBORAH DONOGHUE, :
:  Case No. 1:17-cv-08708-AJN
         Plaintiff, :
: **NOMINAL DEFENDANT THE FINISH**
   -against- : **LINE, INC.'S ANSWER AND**
: **AFFIRMATIVE DEFNESES**
FINISH LINE INC., :
:
         Nominal Defendant, :
:
MONECOR (LONDON) LIMITED :
(TRADING AS ETX CAPITAL), :
:
         Defendant. :
------------------------------------------------------- x

Nominal Defendant The Finish Line, Inc.[1] ("The Finish Line"), by and through undersigned counsel, submits the following Answer and Affirmative Defenses to Plaintiff Deborah Donoghue's ("Plaintiff") Complaint, dated November 9, 2017 (the "Complaint"):

Except as expressly admitted or qualified in this Answer, The Finish Line denies each and every allegation of the Complaint and avers that the Complaint seeks no relief from The Finish Line nor does it allege that The Finish Line violated any laws or regulations. The Finish Line also denies any and all averments and conclusions in the headings of the Complaint.

---

[1] "Finish Line, Inc." is named as a Nominal Defendant in this answer. The correct entity is The Finish Line, Inc., which now responds to the Complaint as set forth herein.

1. Paragraph 1 of the Complaint contains conclusions of law to which no response is required. To the extent that a further response may be required, The Finish Line denies the allegations in Paragraph 1 of the Complaint.

2. The Finish Line lacks knowledge or information sufficient to respond to the allegations in Paragraph 2 of the Complaint, and accordingly, denies the allegations, except The Finish Line admits that it is an Indiana corporation with its principal offices at 3308 N. Mitthoeffer Road, Indianapolis, Indiana 46235.

3. The Finish Line lacks knowledge or information sufficient to respond to the allegations in Paragraph 3 of the Complaint, and accordingly, denies the allegations, except The Finish Line admits that its Class A Common Stock is registered under Section 12(b) of the Act[2] and is traded on The NASDAQ Stock Market LLC, which is located in New York City, New York.

4. The Finish Line lacks knowledge or information sufficient to respond to the allegations in Paragraph 4 of the Complaint, and accordingly, denies the allegations, except The Finish Line admits that Plaintiff brought the instant action, in which The Finish Line is named as Nominal Party Defendant.

5. The Finish Line lacks knowledge or information sufficient to respond to the allegations in Paragraph 5 of the Complaint, and accordingly, denies the allegations.

6. The Finish Line lacks knowledge or information sufficient to respond to the allegations in Paragraph 6 of the Complaint, and accordingly, denies the allegations.

7. The Finish Line lacks knowledge or information sufficient to respond to the allegations in Paragraph 7 of the Complaint, and accordingly, denies the allegations, except The

---

[2] Unless otherwise noted, capitalized terms are as defined in the Complaint (ECF No. 1).

Finish Line admits that the NASDAQ Stock Market LLC is headquartered in New York City, New York.

8. Paragraph 8 of the Complaint contains conclusions of law to which no response is required. To the extent that a further response may be required, The Finish Line denies the allegations contained in Paragraph 8 of the Complaint.

9. The Finish Line admits that it received a letter dated September 9, 2017, the contents of which speak for themselves. The Finish Line respectfully refers the Court to such letter for a complete and accurate statement of its contents. The Finish Line admits that Plaintiff filed the Complaint on November 9, 2017 and admits that it did not secure a recovery from Monecor related to the actions described in the Complaint on or before the filing of the Complaint. Paragraph 9 of the Complaint also contains conclusions of law to which no response is required.

10. The Finish Line lacks knowledge or information sufficient to respond to the allegations in Paragraph 10 of the Complaint, and accordingly, denies the allegations.

11. The allegations set forth in Paragraph 11 of the Complaint relate to a document, which is in writing and speaks for itself, and therefore The Finish Line respectfully refers the Court to such document for a complete and accurate statement of its contents. To the extent that a further response may be required, The Finish Line denies the allegations contained in Paragraph 11 of the Complaint.

12. The Finish Line lacks knowledge or information sufficient to respond to the allegations in Paragraph 12 of the Complaint, and accordingly, denies the allegations.

13. The Finish Line lacks knowledge or information sufficient to respond to the allegations in Paragraph 13 of the Complaint, and accordingly, denies the allegations.

14. The allegations set forth in Paragraph 14 of the Complaint relate to Exhibit 1 to the Complaint, which is in writing and speaks for itself, and therefore The Finish Line respectfully refers the Court to Exhibit 1 for a complete and accurate statement of its contents. To the extent that a further response is required, The Finish Line lacks knowledge or information sufficient to respond to the allegations in Paragraph 14 of the Complaint, and accordingly, denies the allegations.

15. The Finish Line lacks knowledge or information sufficient to respond to the allegations in Paragraph 15 of the Complaint, and accordingly, denies the allegations.

16. The allegations set forth in Paragraph 16 of the Complaint relate to Exhibit 2 to the Complaint, which is in writing and speaks for itself, and therefore The Finish Line respectfully refers the Court to Exhibit 2 for a complete and accurate statement of its contents. To the extent that a further response is required, The Finish Line lacks knowledge or information sufficient to respond to the allegations in Paragraph 16 of the Complaint, and accordingly, denies the allegations.

17. The Finish Line lacks knowledge or information sufficient to respond to the allegations in Paragraph 17 of the Complaint, and accordingly, denies the allegations.

18. The allegations set forth in Paragraph 18 of the Complaint relate to Exhibit 3 to the Complaint, which is in writing and speaks for itself, and therefore The Finish Line respectfully refers the Court to Exhibit 3 for a complete and accurate statement of its contents. To the extent that a further response is required, The Finish Line lacks knowledge or information sufficient to respond to the allegations in Paragraph 18 of the Complaint, and accordingly, denies the allegations.

19. The allegations set forth in Paragraph 19 of the Complaint relate to Exhibit 3 to the Complaint, which is in writing and speaks for itself, and therefore The Finish Line respectfully refers the Court to Exhibit 3 for a complete and accurate statement of its contents. Paragraph 19 of the Complaint also contains conclusions of law to which no response is required. To the extent that a further response is required, The Finish Line lacks knowledge or information sufficient to respond to the allegations in Paragraph 19 of the Complaint, and accordingly, denies the allegations.

20. The allegations set forth in Paragraph 20 of the Complaint relate to Exhibit 3 to the Complaint, which is in writing and speaks for itself, and therefore The Finish Line respectfully refers the Court to Exhibit 3 for a complete and accurate statement of its contents. To the extent that a further response is required, The Finish Line lacks knowledge or information sufficient to respond to the allegations in Paragraph 20 of the Complaint, and accordingly, denies the allegations.

21. Paragraph 21 of the Complaint contains conclusions of law to which no response is required. To the extent that a further response is required, The Finish Line lacks knowledge or information sufficient to respond to the allegations in Paragraph 21 of the Complaint, and accordingly, denies the allegations.

22. The allegations set forth in Paragraph 22 of the Complaint relate to Exhibit 3 to the Complaint, which is in writing and speaks for itself, and therefore The Finish Line respectfully refers the Court to Exhibit 3 for a complete and accurate statement of its contents. Paragraph 22 of the Complaint also contains conclusions of law to which no response is required. To the extent that a further response is required, The Finish Line lacks knowledge or information

sufficient to respond to the allegations in Paragraph 22 of the Complaint, and accordingly, denies the allegations.

23. The allegations set forth in Paragraph 23 of the Complaint relate to Exhibit 3 to the Complaint, which is in writing and speaks for itself, and therefore The Finish Line respectfully refers the Court to Exhibit 3 for a complete and accurate statement of its contents. Paragraph 23 of the Complaint also contains conclusions of law to which no response is required. To the extent that a further response is required, The Finish Line lacks knowledge or information sufficient to respond to the allegations in Paragraph 23 of the Complaint, and accordingly, denies the allegations.

24. The Finish Line lacks knowledge or information sufficient to respond to the allegations in Paragraph 24 of the Complaint, and accordingly, denies the allegations.

25. The Finish Line lacks knowledge or information sufficient to respond to the allegations in Paragraph 25 of the Complaint, and accordingly, denies the allegations.

26. The Finish Line lacks knowledge or information sufficient to respond to the allegations in Paragraph 26 of the Complaint, and accordingly, denies the allegations.

27. The Finish Line lacks knowledge or information sufficient to respond to the allegations in Paragraph 27 of the Complaint, and accordingly, denies the allegations.[3]

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state any claims against The Finish Line upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are not sufficient to establish a claim for attorneys' fees from The Finish Line.

---

[3] The WHEREFORE clause constitutes a prayer for relief to which no response is required. To the extent a response may be required, The Finish Line denies the contents of the WHEREFORE clause and denies that Plaintiff is entitled to any recovery from The Finish Line.

### THIRD AFFIRMATIVE DEFENSE

The Finish Line reserves the right to raise any affirmative defenses, counterclaims, cross-claims, and third-party claims not asserted herein of which it becomes aware through discovery or other investigation and will withdraw, amend, or modify this Answer accordingly.

### PRAYER FOR RELIEF

WHEREFORE, The Finish Line respectfully requests judgment as follows:

A.  That Plaintiff's claims against The Finish Line be dismissed with prejudice and all relief sought by Plaintiff from The Finish Line be denied; and

B.  For such other relief that the Court deems just and proper.


Dated: New York, New York
       January 11, 2018

Respectfully submitted,

/s/ Jeffrey J. Chapman

Jeffrey J. Chapman
Robert J. Denicola
McGUIREWOODS LLP
1345 Avenue of the Americas, 7th Floor
New York, NY 10105-0106
(212) 548-2100
jchapman@mcguirewoods.com
rdenicola@mcguirewoods.com

*Attorneys for Nominal Defendant The Finish Line, Inc.*