November 27, 2018

Hon. Alison J. Nathan
Judge of the United States District Court
Southern District of New York
40 Foley Square, Room 2101
New York, New York 10007

      Re: *Donoghue v. The Finish Line, Inc. & Monecor (London) Ltd.,* **17 Civil 8708-AJN**
          *Donoghue v. Iconix Brands, Inc. & Monecor (London) Ltd.,* **17 Civil 10083-AJN**

Your Honor:

We, as counsel to the parties, write jointly to notify the Court of an upcoming deadline regarding the settlements in the above-referenced actions (the "Actions"): on December 31, 2018, the settlements will expire. In addition, pursuant to Rule 3.H. of your Individual Rules of Practice, we write anticipatorily to inform the Court that ten days from today, the Motions for Approval of Settlements filed in the Actions will have been pending for more than 90 days.

On August 28, 2018, the parties submitted Stipulations of Settlement in each of the actions along with proposed Orders and Final Judgments for approval of the settlements. (*See* 17 Civ. 8708, ECF No. 52; 17 Civ. 10083, ECF No. 41.)

On September 7, 2018, Plaintiff submitted formal motions and briefing seeking such approval. (*See* 17 Civ. 8708, ECF No. 53; 17 Civ. 10083, ECF No. 42.)

On September 18, 2018, the Court entered an order stating it would "issue an order regarding approving the settlement in these cases". (17 Civ. 8708, ECF No. 60.)

Each of the Stipulations of Settlement provides that if the Court does not approve the settlement and does not enter the respective Orders and Final Judgments by December 31, 2018, the settlements become null and void and the parties will be returned to their original positions as they existed on the date before the settlements. (*See* Stipulations of Settlement ¶ 3(c).) These settlements were hard fought, as the various letter motions to the Court seeking reinstatement of the case and jockeying for position should demonstrate.

On issues of notice to shareholders, the *Finish Line* Action, now sees Finish Line with a single shareholder—Finish Line's new parent company—through an intervening cash-out merger. It is our understanding, from counsel for Finish Line, that Finish Line's sole shareholder has been a full participant in the negotiation of the settlement. This puts a fine point on whether that settlement even requires court approval. In the *Iconix* Action, the parties have fully briefed their

contention that approval may be given without shareholder notice as a matter of Second Circuit law.  The briefings provide citation to recent decisions by courts in this District that find that court approval may be given either on the papers as submitted or after a hearing without shareholder notice.  If this Court disagrees, we respectfully request that notice be given by a posting on the Iconix website.

Counsel to the parties, along with counsel to the respective nominal defendants, believe the settlements are fair, reasonable and adequate and in the best interests of the nominal defendants and beneficiaries of the Actions.  Accordingly, the parties respectfully request entry of the Orders and Final Judgments, with or without a hearing, no later than December 31, 2018.

Respectfully submitted,

| | |
|---|---|
| /s/  *David Lopez* | /s/  *David A. Fleissig* |
| David Lopez | Matthew S. Dontzin |
| Attorney for Plaintiff Deborah Donoghue | David A. Fleissig |
| 171 Edge of Woods Road, P.O. Box 323 | Rebecca Rettig |
| Southampton, New York 11968 | Dontzin Nagy & Fleissig, LLP |
| | |
| Miriam Tauber | 980 Madison Avenue |
| MIRIAM TAUBER LAW | New York, New York 10028 |
| 885 Park Avenue, 2A | |
| New York, New York 10075 | |
| | |
| *Attorneys for Plaintiff Deborah Donoghue* | *Attorneys for Defendant Monecor (London) Limited (Trading as ETX Capital)* |