DEC 2 1 2018

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DEBORAH DONOGHUE,                                    x

                          Plaintiff,

          -against-                                  No.: 17-cv-8708-AJN

FINISH LINE, INC.,                                   **ORDER AND FINAL**
                                                     **JUDGMENT**
                          Nominal Defendant,

MONECOR (LONDON) LIMITED (TRADING
AS ETX CAPITAL),

                          Defendant.

---

                                                     x

Plaintiff, Deborah Donoghue ("PLAINTIFF"), a shareholder of nominal defendant The

Finish Line, Inc. ("FINISH LINE") (incorrectly referred to as "Finish Line, Inc." in

the Complaint), brought this action (the "Action") pursuant to Section 16(b) of the

Securities Exchange Act of 1934, as amended (the "Exchange Act"), to recover so-called

"short-swing" profits alleged to have been realized by defendant Monecor (London) Limited

(Trading as ETX Capi) ("MONECOR"), in connection with its putative purchases and sales

of FINISH LINE securities.

Unless otherwise defined herein, all capitalized terms shall have the meaning set forth in the Stipulation.

The Court, having considered all matters submitted to it during the course of proceedings in this Action; and after a review of the record herein, the Stipulation and other papers submitted to the Court,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court has jurisdiction over the subject matter of this Action, over the PLAINTIFF, over FINISH LINE and over MONECOR.

2. The Court finds that PLAINTIFF, through her counsel, has vigorously prosecuted the claims set forth in the Complaint on behalf of FINISH LINE.

3. The Stipulation (a copy of which is annexed hereto as Exhibit 1) is hereby approved as fair, reasonable and adequate and in the best interests of FINISH LINE and its shareholders. The Parties (as that term is defined in the Stipulation) are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

4. This Order and Final Judgment shall not constitute evidence or an admission by MONECOR, the Related Parties or any other person that any transaction giving rise to liability or damages under Section 16(b) occurred, or that any violations of law or acts of other wrongdoing have been committed and shall not be deemed to create any inference that there is or was liability of any person therefor. MONECOR does not admit, either expressly or implicitly, that it is subject

to any liability whatsoever by reason of any of the matters alleged in the Complaint or referenced in the Stipulation.  MONECOR, on the contrary, expressly denies and disputes the existence of any such liability.

5.  The Complaint, each claim for relief therein against MONECOR and all claims for violations of Section 16(b) that were asserted in this Action or could have been asserted in any amended complaint against MONECOR and its Related Parties, are hereby dismissed on the merits, with prejudice and without costs, except as otherwise provided for herein.

6.  MONECOR and its Related Parties are hereby discharged and released from any and all liability and damages under or based upon any and all claims, rights, causes of action, suits, matters, demands, transactions and issues, known or unknown, arising out of or relating to the assertions contained in the Complaint in this Action or that could have been asserted in this Action (i) by PLAINTIFF on behalf of herself or any other person or entity, (ii) by FINISH LINE and/or (iii) by any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of FINISH LINE or of any other security or instrument, the value of which is derived from the value of any FINISH LINE equity security, or any of them, whether individually, directly, representatively, derivatively or in any other capacity for all claims arising out of or relating to any claim under Section 16(b) of the Exchange Act and the rules and regulations promulgated under Section 16 relating to trading in FINISH LINE securities, options to acquire FINISH LINE securities and/or other security or instrument, the value of which is derived from the value of any FINISH LINE equity security, during the 16(b) Trading Period, as defined in the Stipulation.

7.  PLAINTIFF, counsel for PLAINTIFF, FINISH LINE and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of FINISH LINE or of any other security or instrument, the value of which is derived from the value of any FINISH LINE equity

security, or any of them, either individually, directly, derivatively, representatively or in any other

capacity, are permanently barred and enjoined from instituting or prosecuting this Action or any

other action, in this or any other court or tribunal of this or any other jurisdiction, any and all claims,

rights, causes of action, suits, matters, demands, transactions and issues, known or unknown,

arising out of or relating to the assertions contained in the Complaint in this Action or that could

have been asserted in this Action (i) by PLAINTIFF, on behalf of herself or any other person or

entity, (ii) by FINISH LINE and/or (iii) by any and all owners of any security (as defined in Section

3(a)(10) of the Exchange Act) of FINISH LINE or of any other security or instrument, the value

of which is derived from the value of any FINISH LINE equity security, or any of them, whether

individually, directly, representatively, derivatively or in any other capacity, for all claims arising

out of or relating to any violation of Section 16(b) of the Exchange Act and the rules and

regulations promulgated under Section 16 relating to trading in FINISH LINE securities, options

to acquire FINISH LINE securities and/or other securities or instruments the value of which is

derived from the value of any FINISH LINE equity security, during the 16(b) Trading Period,

regardless of the theory of liability.

8. PLAINTIFF's counsel are hereby awarded an attorney's fee (inclusive of

reimbursement of costs and disbursements) in the sum of $152,620, which sum the Court finds to

be fair and reasonable and which shall be paid to PLAINTIFF's counsel by MONECOR and

deducted from the Settlement Payment to FINISH LINE after this Order has become Final as set

forth in paragraphs 3(a) and 6 of the Stipulation.

9. Jurisdiction is hereby reserved over all matters relating to the enforcement,

administration and performance of the Stipulation.

10. The Clerk of the Court is directed to enter and docket this Order and Final

Judgment in this Action.

Dated:          New York, New York

                Dec 21_____, 2018


SO ORDERED:

_____
    Hon. Alison J. Nathan, U.S.D.J

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

DEBORAH DONOGHUE,                                          x

                                   Plaintiff,

         -against-                                                No.: 17-cv-8708-AJN

FINISH LINE, INC.,                                               **STIPULATION OF**
                                                                 **SETTLEMENT**
                                   Nominal Defendant,

MONECOR (LONDON) LIMITED (TRADING
AS ETX CAPITAL),

                                   Defendant.

---------------------------------------------------------------          x

WHEREAS, plaintiff Deborah Donoghue ("Plaintiff"), a shareholder of The Finish Line,

Inc. (incorrectly referred to as "Finish Line, Inc." in the Complaint) as ("FINISH LINE" or the

"Company"), brought this action (the "Action") pursuant to Section 16(b) of the Securities

Exchange Act of 1934, as amended (the "Exchange Act"), to recover so-called "short-swing"

profits alleged to have been realized by defendant Monecor (London) Limited (Trading As ETX

Capital) ("MONECOR"), in connection with its putative purchases and sales of FINISH LINE

securities on the dates, in the amounts and at the prices pleaded in the Complaint;

WHEREAS, MONECOR denies any liability whatsoever and this Stipulation of

Settlement ("Stipulation") shall in no event be construed or deemed to be evidence of or an

admission or concession on the part of MONECOR with respect to any claim, or any fault or

liability or wrongdoing or damages whatsoever, or any deficiency in the defenses that MONECOR

may have or may assert.  Plaintiff, FINISH LINE and MONECOR (collectively, the "Parties")

wish voluntarily to settle the matter after advice of counsel and negotiation between counsel for the Parties;

WHEREAS, Plaintiff's theory of liability in this Action is largely dependent on the market-maker exemption of Section 15 USC 78(p)(d) not being available to MONECOR as the securities in aid of whose market – over-the-counter contracts for difference – may not be offered in the United States or to United States persons;

WHEREAS, MONECOR contends the contrary;

WHEREAS, the Parties recognize that if the Court finds for MONECOR on this issue, the case will be resolved in MONECOR's favor and if the Court finds for Plaintiff the case may be resolved in FINISH LINE's favor, although, as set forth below, MONECOR has other putative defenses.  The Parties further recognize that Plaintiff's contention is novel and that there is no precedent directly on point;

WHEREAS, additionally, MONECOR contends that by reason of the merger between JD Sports Fashion Plc ("JD Sports") and FINISH LINE in which JD Sports purchased all of the outstanding stock of FINISH LINE for cash Plaintiff has been divested of standing to maintain this suit and may no longer have Article III injury in fact.  Plaintiff asserts that she has a continuing pecuniary interest in the outcome of the case through her ownership before, during and after the merger between JD Sports and FINISH LINE.  The Parties again recognize that Plaintiff's contention is novel and that there is no appellate precedent directly on point and lower court precedent is divided;

WHEREAS, MONECOR believes that it has additional meritorious defenses to Plaintiff's Section 16(b) claims that it believes preclude any short-swing trading liability, and in connection

with the Parties' settlement negotiations, MONECOR has shared its thoughts and analyses regarding liability and damages with counsel for Plaintiff;

WHEREAS, given the risks and uncertainties of the outcome of this Action and any subsequent appeal, the Parties have concluded that it is in the interest of FINISH LINE and of MONECOR to settle this Action on the terms set forth herein ("the "Settlement");

WHEREAS, Plaintiff, through her counsel, has conducted a thorough investigation relating to the claims and the underlying events alleged in the Amended Complaint.  Plaintiff obtained significant discovery from third parties and from the public record in this Action, including records reflecting all of MONECOR's transactions in FINISH LINE equity securities and derivatives related to FINISH LINE securities.  As a result, Plaintiff and her counsel have concluded that they have obtained sufficient information to enter into the settlement contemplated by this Stipulation on a fully-informed basis;

WHEREAS, there is a fully briefed Motion For Dismissal *sub judice* and a second Motion For Dismissal in preparation and calendared;

WHEREAS, the Parties have engaged in arm's length settlement negotiations among themselves which culminated in an agreement whereby MONECOR will pay FINISH LINE the sum of $600,000;

WHEREAS, Plaintiff, Plaintiff's counsel, FINISH LINE and its counsel agree that a settlement of this Action on the terms described herein is fair, reasonable, adequate and in the best interests of FINISH LINE and its shareholders;

WHEREAS, in evaluating the proposed Settlement provided for herein, Plaintiff and her counsel have considered:  the substantial benefit being provided to FINISH LINE and its shareholders by the proposed Settlement; the uncertainties of the outcome of this Action, which

3

Plaintiff recognizes turns on MONECOR's various defenses to Section 16(b) liability in this Action; that Plaintiff's theories of liability and damages in this Action are contested and there is no precedent directly on point; and that because resolution of the claims in this Action, wherever and however determined, likely would be submitted for appellate review, there would be yet additional time until there would be a final adjudication of the claims and defenses asserted, and additional legal fees, which could reduce the amount of any ultimate recovery (whether on a litigated judgment, if Plaintiff were to prevail, or by settlement); and

WHEREAS, MONECOR has agreed to this Stipulation and the Settlement in order fully and finally to settle, release, resolve and dispose of all claims that have been or could have been raised in this Action and to avoid the continuing burden, expense, uncertainty, inconvenience and distraction of protracted litigation.

IT IS HEREBY STIPULATED AND AGREED, for good and valuable consideration, the sufficiency of which is hereby acknowledged, as follows:

1.      Within 10 business days after this Stipulation has been executed, the Parties shall jointly move the Court for a determination whether the Settlement should be approved as fair, reasonable, adequate and in the best interest of FINISH LINE and of its shareholders (the "Settlement Determination"), and entry of an Order and Final Judgment (the "Order and Final Judgment") substantially in the form annexed hereto as Exhibit A, which will:

(a)      Dismiss the Action with prejudice;

(b)      Find that Plaintiff has vigorously prosecuted the claims set forth in the Amended Complaint on behalf of FINISH LINE;

(c)      Find that the terms of the Settlement are fair, reasonable, adequate and in the best interests of FINISH LINE and of its shareholders;

4

(d)     Release MONECOR from all claims that were or could have been asserted in the Action and bar Plaintiff, Plaintiff's counsel, FINISH LINE and any holder of FINISH LINE securities from asserting against MONECOR any claim that was or could have been brought in this Action.

2.     The Order and Final Judgment ("Order") shall become final ("Final") upon entry, either by expiration of the time for appeal or review of such Order or, if any appeal is filed and not dismissed, after the Order is affirmed on appeal and is no longer subject to review upon appeal or by writ of certiorari or motion for reconsideration.

3.     (a)     On or before the tenth business day after the Order and Final Judgment approving the Settlement becomes Final:  (i) MONECOR shall wire transfer to FINISH LINE the amount of six hundred thousand dollars ($600,000) less the amount of attorney's fees and expenses, if any, awarded by the Court to Plaintiff's counsel, which amount shall be paid directly to Plaintiff's counsel (the "Settlement Payments"). The total Settlement Payments, including any award of attorney's fees and expenses, shall not exceed $600,000.

(b)     Entry and Finality of the Order and Final Judgment is a condition precedent to MONECOR's obligations to make the Settlement Payments.

(c)     In the event the Court does not enter the Order and Final Judgment approving the Settlement, or such Order does not become Final by December 31, 2018, this Stipulation shall be null and void except as to paragraphs 3(c), 5 and 14, and the Parties shall be returned to their positions *nunc pro tunc* as they existed on the date before the Settlement and without prejudice in any way.

4.     In consideration of the Settlement Payment, FINISH LINE and Plaintiff on behalf of themselves and any and all owners of any security (as defined in Section 3(a)(10) of the

Exchange Act) of FINISH LINE or any other security or instrument, the value of which is derived from the value of any FINISH LINE equity security, each release and discharge MONECOR, its present, future or former officers, directors, members, employees, agents, attorneys, representatives, advisors and affiliates or associates (as the latter two terms are defined in Rule 12b-2 of the Exchange Act), trustees, parents, principals, subsidiaries, general or limited partners or partnerships, investment advisory clients and brokers, and each of their heirs, executors, administrators, successors and assigns, and any purported member of a group within the meaning of Section 16(d)(3) of the Exchange Act (the "Related Parties") from any and all liability and damages under or based upon any and all claims, rights, causes of action, suits, matters, demands, transactions and issues, known or unknown, arising out of or relating to the assertions contained in the Complaint in this Action or that could have been asserted in this Action (i) by Plaintiff on behalf of herself or any other person or entity, (ii) by FINISH LINE and/or (iii) by any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of FINISH LINE or any other security or instrument the value of which is derived from the value of any FINISH LINE equity security, or any of them, whether individually, directly, representatively, derivatively or in any other capacity for all claims arising out of or relating to any violation of Section 16(b) of the Exchange Act and the rules and regulations promulgated under Section 16 relating to trading in FINISH LINE securities, options to acquire FINISH LINE securities and/or other securities or instruments the value of which is derived from the value of any FINISH LINE equity security, during the period running from March 30, 2017, to the date hereof, (the "16(b) Trading Period"), regardless of the theory of liability.  Plaintiff's counsel covenant not to bring any additional claims arising out of or relating to the assertions contained in the Complaint in this Action or that could have been asserted in this Action against MONECOR and/or its Related Parties for trading in

6

FINISH LINE securities, including, without limitation options to acquire FINISH LINE securities or any other derivative security or instrument tied to the value of any FINISH LINE equity security, during the 16(b) Trading Period, regardless of the theory of liability.

5.     This Stipulation and all negotiations and papers related to it, and any proceedings in connection with the Settlement, whether or not the Settlement becomes Final or is consummated, are not and shall not be construed to be evidence of, or an admission by, any of the Parties respecting the validity or invalidity of any of the claims or defenses asserted by the Parties or of MONECOR's liability or lack thereof with respect to any such claim or defense or for any damages sought in the Action, or of any wrongdoing or lack of wrongdoing by any or all of them whatsoever, and shall not be offered for admission or received as evidence of any such liability or wrongdoing or damages, or lack thereof.

6.     Plaintiff's counsel will apply to the Court for attorney's fees and expenses in an amount of one hundred fifty thousand dollars ($150,000.00) in fees and $2,620.00 in accountable expenses which application FINISH LINE will support. The award of attorney's fees and expenses was negotiated between Plaintiff's counsel and counsel acting for FINISH LINE after the Parties had negotiated the provisions of the Settlement set forth above. Such attorney's fees and expenses as may be awarded by the Court are to be paid by MONECOR after the Order and Final Judgment becomes Final in accordance with paragraph 3(a) and shall reduce the amount of the Settlement Payment to FINISH LINE as provided therein, so that, as described in paragraph 3(a), the total payment by MONECOR will equal $600,000. The Settlement is in no way contingent upon any attorney's fees or expenses being awarded in any amount.

7.     Plaintiff's counsel and Plaintiff agree and acknowledge that the award of attorney's fees and expenses as described in paragraph 6 is the sole amount to which Plaintiff's

7

counsel is due in connection with the Action or this Stipulation and expressly release and disclaim any right to any additional amount.

8.     The Parties acknowledge and agree that as a result of Plaintiff's pursuit of this Action and her pursuit and negotiation of this Stipulation, this Action has been diligently prosecuted against MONECOR within the meaning of Section 16(b) of the Exchange Act.

9.     This Stipulation contains the entire agreement between the Parties concerning the subject matter hereof and neither party is relying upon any representation, promise or assertion not contained herein.

10.     This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original of this Stipulation and all of which, when taken together, shall be deemed to constitute one and the same agreement *provided* that no party shall be bound hereby unless and until all parties shall have executed and delivered this Stipulation.

11.     The individuals signing this Stipulation represent that they have the authority to execute this Stipulation, to grant the releases in this Stipulation and to compromise and settle all their claims and their defenses relating to the Action.

12.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties hereto.

13.     The Parties shall use their best efforts to execute such documents and shall take such other reasonable action as is necessary to effectuate this Stipulation as provided for herein.

14.     The Parties submit to the continuing jurisdiction of this Court (a) for all purposes relating to this Action, and (b) any disputes over this Stipulation and its enforcement.

Dated:       New York, New York
             August 23, 2018

_____
David Lopez
Law Office of David Lopez
171 Edge of Woods Road, P.O. Box 323
Southampton, New York 11968
DavidLopezEsq@aol.com
631.287.5520

*Attorney for Plaintiff Deborah Donoghue*

_____
David A. Fleissig
Rebecca Rettig
Dontzin Nagy & Fleissig LLP
980 Madison Avenue
New York, New York 10075
212.717.2900

*Attorneys for Monecor (London) Limited
(Trading as ETX Capital)*

_____
Jeffrey Chapman
Robert Denicola
McGuire Woods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
Tel:  212.548.7060
Fax:  212.715.6277

*Attorneys for Nominal Defendant
The Finish Line, Inc.*

9

Dated:      New York, New York
            August 23, 2018

David Lopez
Law Office of David Lopez
171 Edge of Woods Road, P.O. Box 323
Southampton, New York 11968
DavidLopezEsq@aol.com
631.287.5520

*Attorney for Plaintiff Deborah Donoghue*

David A. Fleissig
Rebecca Rettig
Dontzin Nagy & Fleissig LLP
980 Madison Avenue
New York, New York 10075
212.717-2900

*Attorneys for Monecor (London) Limited
(Trading as ETX Capital)*

Jeffrey Chapman
Robert Denicola
McGuire Woods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
Tel:   212.548.7060
Fax:  212.715.6277

*Attorneys for Nominal Defendant
The Finish Line, Inc.*

9

Dated:        New York, New York
              August 23, 2018


_David Lopez /ns_
David Lopez
Law Office of David Lopez
171 Edge of Woods Road, P.O. Box 323
Southampton, New York 11968
DavidLopezEsq@aol.com
631.287.5520

*Attorney for Plaintiff Deborah Donoghue*


 

David A. Fleissig
Rebecca Rettig
Dontzin Nagy & Fleissig LLP
980 Madison Avenue
New York, New York 10075
212.717-2900

*Attorneys for Monecor (London) Limited
(Trading as ETX Capital)*


Jeffrey Chapman
Robert Denicola
McGuire Woods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
Tel:  212.548.7060
Fax:  212.715.6277

*Attorneys for Nominal Defendant
The Finish Line, Inc.*